**Edward V. HANLON and Ruth A. Sanders-Hanlon, Petitioners,**

**v.**

**U.S. FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 87–1094.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 12, 1988.

Decided Oct. 18, 1988.

Edward V. Hanlon, pro se, with whom, Ruth A. Sanders–Hanlon, pro se was on the brief for petitioners.

Pamela P. Johnson, Attorney, Federal Labor Relations Authority, with whom, William E. Persina, Acting Solicitor, Federal Labor Relations Authority was on the brief for respondent. Ruth E. Peters, Attorney, Federal Labor Relations Authority also entered an appearance for respondent.

Before WALD, Chief Judge, and STARR and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge STARR.

STARR, Circuit Judge:

This case arises out of an effort by Local 2782, American Federation of Government Employees to secure documents from the Bureau of the Census for use in contract negotiations and the processing of individual grievances. The Census Bureau's refusal to supply the requested documents eventuated in the filing of unfair labor charges before the Federal Labor Relations Authority.

Following the Authority's determination adversely to the union, Local 2782 decided not to litigate the matter further. Two individual employee-members of the bargaining unit, Edward V. Hanlon and Ruth A. Sanders–Hanlon, then filed a petition for review. This unusual procedural development prompted the FLRA to move that the petition be dismissed on the ground that the individual petitioners were not properly before the court. What began as a dispute over union access to agency documents thus became, in the main, a battle over the statutory right of the two individual employees to judicial review.

For the reasons that follow, we conclude that petitioners do not qualify as persons "aggrieved" within the meaning of the Federal Labor–Management Relations Act, 5 U.S.C. § 7123(a) (1982). Accordingly, we dismiss the petition without reaching the merits of petitioners' claims.

I

The facts can be briefly stated. At all times pertinent to this litigation, AFGE has been the exclusive representative of various employees of the Census Bureau. In December 1983, the union requested access to seven personnel-related notebooks situated within the Census Bureau's Population Division. The notebooks were thought to contain information relevant to the contentions of both Hanlon and Hanlon–Sanders, among others, that they had improperly been denied promotions. Those contentions had been advanced in individual grievance proceedings in which petitioners maintained specifically that they had unlawfully been rebuffed in efforts to secure promotion to several GS–13 vacancies. In addition to these specific claims, the union (which was, coincidentally, represented at the time by Hanlon) sought the information for use in connection with its broader

charges that the agency-employer had engaged in systematic, illegal pre-selection practices in violation of both the bargaining agreement and various governmental policies and procedures.

For its part, the Census Bureau declined to supply the requested information on grounds of non-relevancy. When subsequent importunings by the union went unanswered, AFGE repaired to the FLRA and filed an unfair labor practice charge. Following an investigation, the General Counsel issued a complaint, alleging that the Census Bureau had run afoul of the unfair labor practice provisions of the statute, set forth in 5 U.S.C. § 7116, by refusing to provide AFGE with the requested records. The matter then went to hearing before an Administrative Law Judge, who eventually concluded that the union's request, while meritorious in part, suffered fatally from the disease of overbreadth:

> [A]s the Union's request for all the contents of all seven notebooks far exceeded what was necessary and relevant to assist it in processing grievances or negotiating on a condition of employment . . ., insufficient evidence exists to support the contention that [the agency's] refusal to furnish the notebooks violated the Statute.

ALJ's Decision, Joint Appendix (J.A.) at 10.

Exceptions to Judge Arrigo's decision were timely filed by the General Counsel. In December 1986, the Authority upheld the ALJ entirely. Decision and Order, J.A. at 1, 3–4.

At that juncture, AFGE, which had been the charging party before the FLRA, dropped out of the picture. In its absence, Hanlon and Hanlon–Sanders filed a petition for review, contending that the Authority's decision erroneously sustained the agency's overbreadth argument without requiring the employer to furnish those portions of the notebooks which clearly were relevant. The Authority responded with a threshold objection, set forth in its motion to dismiss, that the two individual petitioners lacked standing under the pertinent statute, 5 U.S.C. § 7123, and under the Constitution.

In response, petitioners contend that, by virtue of the agency's refusal to supply the requested documents, they have been "denied the opportunity to prove the allegations in their grievances." Petitioners' Brief at 12. Their injury, as petitioners see it, derives from the agency's failure to comply with its obligations under the operative provision of the statute, 5 U.S.C. § 7114, which as petitioners describe it "requires an agency to release information *to the union* which represents the Petitioners, if it is relevant and necessary to the processing of Petitioners' grievances." Petitioners' Brief at 16 (emphasis added).

## II

In our view, the nature of the obligation imposed by Congress under § 7114 stands as an insurmountable obstacle to this petition. As petitioners themselves recognize, the statute requires federal agencies to furnish information to the employees' exclusive representative, not to the employees themselves, for certain enumerated purposes. The right articulated in the statute simply does not run to individual employees; it runs, instead, to the union itself. Examination of the specific terms of the statute leads ineluctably to this interpretive conclusion:

> The duty of an agency and an exclusive representative to negotiate in good faith . . . shall include the obligation—
>
> *    *    *    *    *    *
>
> (4) in the case of an agency, to furnish to the exclusive representative involved, or its authorized representative, upon request and to the extent not prohibited by law, data—
>
> *    *    *    *    *    *
>
> (B) which is reasonably available and necessary for full and proper discussion, understanding and negotiation of subjects within the scope of collective bargaining. . . .

5 U.S.C. § 7114(b)(4).

It was solely the question of the Census Bureau's obligation to AFGE under § 7114 that the Authority had before it for resolu-

tion.[1] The Authority did not purport to address, much less decide, whether individual petitioners, as (potential) beneficiaries of AFGE's request, were somehow entitled to the materials in order to vindicate their individual interests under other provisions of the statute.[2]

In short, petitioners are in the incongruous position of asserting the exclusive representative's right to documents under § 7114 that the union itself no longer seeks. Whatever the effect such an unorthodox regime might have on the orderly process of labor-management relations as ordained by Congress (including the basic interest of the union in guiding its own destiny), we are convinced that the statute simply does not lend itself to the curious interpretation that an individual employee can carry on litigation as an unauthorized surrogate for a union which has seen fit, whether wisely or not, to leave this particular field and direct its attention elsewhere.

In short, under the particular circumstances of this case, we are persuaded that the individual petitioners have not been aggrieved within the meaning of the pertinent statutory provision, 5 U.S.C. § 7123, by virtue of the Authority's resolution of an issue with respect to the *union*'s statutory right to agency documents. Petitioners, in short, must live with the decision of AFGE, as the employees' exclusive representative, to acquiesce in the Authority's determination as to the union's rights under the statute.

DENIED.

---

1. The Authority presses the somewhat obscure argument that petitioners cannot be heard judicially in view of their absence (in their individual capacities) from the FLRA proceedings. Petitioners' failure to intervene below seems to be relevant, not to petitioners' status as "persons aggrieved" but rather to an alleged failure to exhaust administrative remedies. Upon analysis, this procedural point is actually secondary to the fact that the Authority had before it, and therefore resolved, only the question of AFGE's entitlement to the sought-after documents under a specific statutory provision (§ 7114) conferring document-access rights on the union (and its authorized representative).

2. We do not, for example, decide whether petitioners are entitled in their individual capacities to pursue whatever rights may flow from 5 U.S.C. § 7121(b)(3)(B) (providing that any negotiated grievance procedure must grant each employee "the right to present a grievance on the employee's own behalf ..."); or from § 7118(a)(1) and 5 C.F.R. § 2463.3 (providing that "any person" may charge an agency with an unfair labor practice). We also have no occasion to pass upon the issue whether AFGE may press a second narrower request under 5 U.S.C. § 7114(b)(4) for documents contained in the notebooks.